IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRENT ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2141-JDT-dkv |
| | ) | |
| ALLIANCE HEALTHCARE, | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO PAY THE FULL $400 CIVIL FILING FEE
ORDER DENYING PENDING MOTIONS
AND
ORDER PROHIBITING FURTHER FILINGS UNTIL FILING FEE IS PAID

On February 25, 2015, Plaintiff Brent Rowan, booking number 15102052, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. (§ 1983 Compl., *Rowan v. Alliance Healthcare Services*, 2:15-cv-02141-JDT-dkv (W.D. Tenn.), ECF No. 1.) Rowan filed an accompanying motion seeking leave to proceed *in forma pauperis*. On May 15, 2015, On May 15, 2015, Rowan filed a motion for the Court to review medical records regarding an incident that occurred at a Motel 6. (Mot. for Judge to Review Med. Records, *id.*, ECF No. 4). On May 27, 2015, Rowan filed a Motion for Leave to Serve Process. (Mot. for Leave to Serve Process, id., ECF No. 5.)

Under the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b),

a prisoner bringing a civil action must pay the full filing fee of $400 required by 28 U.S.C. § 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed three previous lawsuits that were dismissed for failure to state a

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

claim or as frivolous.² Therefore, Plaintiff may not take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury.

It is also necessary to consider whether the exception to the "three strikes" provision is applicable here. The assessment whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See*, *e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Plaintiff sues Alliance Healthcare Services, Tara Brooks, and Oddye Fisher. The complaint alleges:

> During my residency at Beers Van Gogh Center of Excellence, I search for another address. After moving out of that agency, I looked for several address. I tried to notify the housing director at UALR. And I gave the agency's case manager a pamphlet from Fordham University. I used my tax transcripts as references for an apartment. I used an apartment guide. Those guides were discarded during my time at booking in the jail. So, I need a case manager to respond to the Memphis Housing Authority. I need a Section 8 Housing voucher to be reviewed by my public defender. The Memphis Housing Authority has received my employment letters from the LSAC. I can provide the courts with information from the Bureau of TennCare about residency with TMHCA from the post office. I met with the TMHCA's staff.

(§ 1983 Compl., *Rowan v. Alliance Healthcare Services*, 2, ECF No. 1.)

---

² Plaintiff has filed a multitude of lawsuits in this district, most of which were commenced when he was not a prisoner. Service has not been ordered in any of Plaintiff's suits. Plaintiff incurred "strikes" under 28 U.S.C. § 1915(g) for *Rowan v. Pizza Hut*, No. 2:10-cv-02658-JDT-dkv (W.D. Tenn.) (dismissed for failure to state a claim Sept. 2, 2011); *Rowan v. Currie*, No. 2:12-cv-02264-JDT-dkv (W.D. Tenn.) (dismissed for failure to state a claim Nov. 26, 2012); and *Rowan v. City of Memphis*, No. 2:12-cv-02707-JDT-cgc (W.D. Tenn.) (dismissed for failure to state a claim Feb. 7, 2013).

Plaintiff's complaint does not allege that he was in imminent danger of serious physical injury on the day he commenced this action. "Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012). Plaintiff has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor*, 508 F. App'x at 492-93. Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Plaintiff first tenders the civil filing fee. Plaintiff may not proceed *in forma pauperis* pursuant to U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days of the date of filing of this order. Failure to do so will result in the assessment of the filing fee directly from Plaintiff's inmate trust fund account and dismissal of this action for failure to prosecute. *Alea*, 286 F.3d at 381-82.

Plaintiff's complaint has not been served on any Defendant. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is DENIED. Plaintiff's remaining pending motions (ECF Nos. 4-5) are also DENIED. Plaintiff is ORDERED to file no further motions in this action until he has remitted the entire filing fee. The Clerk is directed to return any further motions to Plaintiff until the filing fee is paid.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE