UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE


| | | |
|---|---|---|
| BRENT A. ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2141-JDT-cgc |
| | ) | |
| ALLIANCE HEALTHCARE SERVICES, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |


ORDER OF DISMISSAL
AND
ORDER ASSESSING FILING FEE


On February 25, 2015, Plaintiff Brent Rowan, booking number 15102052, an
inmate at the Shelby County Criminal Justice Complex filed a pro se complaint pursuant
to 42 U.S.C. § 1983. On June 24, 2015, the court ordered Plaintiff to remit the entire
$400 civil filing fee within thirty days and cautioned that failure to do so would result in
the assessment of the filing fee directly from Plaintiff's inmate trust fund account and
dismissal of this action for failure to prosecute. Plaintiff has failed to pay the filing fee
within the requisite time. Consequently, this matter is hereby DISMISSED, and the clerk
is DIRECTED to enter judgment.

Notwithstanding the dismissal of this action, the court is still required to assess the
civil filing fee, since the responsibility for paying the filing fee accrues at the time the

complaint is filed. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 607 (6th Cir. 1997); <u>cf.</u> <u>In re Alea</u>, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee). In this case, Plaintiff has not, therefore, established that he is eligible to take advantage of the installment payment provisions of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in

the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirements of this order, the court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this court, without any additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Administrator at the Shelby County Criminal Justice Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED.


 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE